[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband brings this action seeking a dissolution of his marriage with the defendant wife.
Both parties were represented by counsel. Counsel was also appointed to represent the interests of the minor child.
After a full and exhaustive hearing wherein the parties and CT Page 6789 their witnesses were fully heard, the court upon consideration of all the evidence presented, the applicable statutes, as well as determining its decision with the view towards the best interests of the minor child, finds the following:
That, the allegations set out in the complaint have been proved. That a minor child, Anna Szczubelek, born July 11, 1990, is issue of the marriage. That, the marriage of the parties is irretrievably broken down. That, the cause of the marriage breakdown began with the wife's concerns about the frequency of the sexual requests by the husband; and, because of the sexual inhibitions and reluctance of the wife to respond to the husband's overtures. After their child was born the marital problems increased. The plaintiff's employment at times would be up to twelve hours per day six days a week. The husband at times would go out to have some alcoholic drinks with male friends. The defendant wife objected to this. She complained that she was left at home with the child and that she did not have the chance to go out socially.
Other problems arose. The wife complained of the defendant's failure to adequately care for the child while she was at work and he was at home taking care of the child. That he failed to follow her instructions in keeping the child clean, etc. That he watched inappropriate T.V. programs while the child was present. These complaints of hers and his failure to respond to them to her satisfaction further increased the domestic tens on. The plaintiff eventually moved out of the home. There were unsuccessful attempts at reconciliation.
In spite of these difficulties between the parties, each had a genuine interest in and love for the child. It was the very different approaches that each had in the care of the child that continued to create difficulty between them. The wife had strict, definite, unbending beliefs regarding how their married life should be conducted.
On the other hand, the father had a less rigid requirements regarding the home life, and the upbringing of the child. This extended to his social life and friends. He particularly resented the defendant's limiting their sex to about once every two weeks. Upon the separation of the parties the plaintiff father had visitations with his daughter. She was three or four years old at the time. The visitations were always difficult because of the defendant mother's failure to willingly permit the visitation. CT Page 6790 Implementation of visitations required the involvement of the court and Family Relations.
When the minor child was about four years old during her annual pediatric check, the physician determined that the child had a "gaping vaginal opening". That, this was indicative of possible sexual molestation. The doctor reported this to the Department of Children and Families Services. Thereafter the child was examined at the St. Francis Hospital regarding the possible sexual abuse. The hospital staff was unable to confirm or deny the sex abuse allegation.
The sexual abuse allegations were directed at the father by the wife. Charges were presented to the criminal court. These charges were never prosecuted.
During the time period from the original allegation of sexual abuse until after the charges were dropped the father had limited or no visitation with his daughter. Further, the visitations that were permitted were all supervised with the father forced to pay for the supervisor. Further investigations and examinations were carried out by the Department of Children and Families Services, by the police, by a court appointed psychologist, and others. No definitive sexual abuse was found. Further, this court finds that the exhaustive and extensive investigations of the child relating to her sex organs brought to her attention the fact that the touching of this area was wrong if done by a man. That since the only man in her life was her father he was suspect. The result was a breakdown of the father-daughter relationship. This was further adversely affected by visitation being stopped and when reinstated a third person was always present supervising the visitation.
That situation continues to the present. The court finds that it is in the best interest of the minor that the father-daughter relationship be normalized. That a specific visitation schedule be set out and adhered to.
Therefore, it is the order of the court; that,
The marriage of the parties be dissolved;
That the custody of the minor child of the parties is to be with the mother with reasonable rights of visitation to be with the father. The visitation is to include alternate weekends from CT Page 6791 Saturday at 10:00 a.m. to Sunday at 6:00 p. m., and each Thursday from 4:00 p. m. to 6:30 p. m.
The visitation is to include alternate major holidays including Thanksgiving, Christmas Eve, Christmas Day, Easter, Memorial Day, Fourth of July and Labor Day.
The father's visitation is to include Father's Day.
On Mother's Day when it conflicts with the father's weekend visitation the weekend visitation for the father will be limited to Saturday ending at 6:00 p. m.
On the minor child's birthday each parent is to have reasonable access to the child.
The Father shall have visitation for two weeks while the child is out of school subject to notification to the mother at least thirty days prior thereto. The father's support payments are suspended during this period.
The visitations by the father with his daughter is to begin the first weekend after the date of this decision. Subject, however, to the following conditions: The visitations are to be unsupervised. However, the child shall continue in therapy which shall include preparing the child for the resumption of visitations with her father. The initial visitations as to length of time, place, overnight, etc., as well as the need for the presence of the therapist and/or some other person is left to the therapist's discretion. With the proviso that full visitation be accomplished within a one month period. The court further orders that the father have full access to the child's school and medical records; that, he have full parental privileges regarding receipt of school and medical records. He also shall have full participation in school activities designed for parents. Further, the mother periodically shall supply the father with information as to the child's pertinent medical and school status.
That the mother not remove the child from the continental United States without first giving the plaintiff/father thirty days written notice of her intention to do so.
That the plaintiff is to pay to the defendant child support in accord with the support guidelines. CT Page 6792
That the plaintiff will pay $20.00 per week alimony to the defendant for a period of one year from the date of this dissolution when it shall terminate.
Each parent is to provide medical insurance coverage for the minor child as available through employment at reasonable cost. Each parent is to be responsible for one-half of all unreimbursed medical expenses of the minor child.
The plaintiff will secure life insurance on his life as available through his employment with the minor child named as the irrevocable beneficiary until the child is eighteen years old.
The plaintiff father may claim the minor child as a deduction for federal and state tax purposes until the defendant's annual gross income reaches $20,000.00, at which time the parties will alternate the annual dependency deduction.
All personal property in the name of or in the possession of each of the parties is to be that party's property.
Each party is to be responsible for those debts listed on that party's financial affidavit filed with the court.
The defendant will pay to the plaintiff the sum of three thousand dollars ($3,000.00), this being the sum due the plaintiff from the equal division of the parties' People Savings bank account.
The continuing financial orders for support and alimony are to be paid through an immediate wage withholding from the plaintiff's weekly salary.
Each party is to be responsible for one-half of the fees due to Bruce Friedman, Ph.D.
Each party is to be responsible for the minor child's attorney's fees with the father to pay 60% of the fee and the mother to pay 40% of the fee.
As to arrearages of support and alimony due from the plaintiff to the defendant, payments are to be made in the sum of $15.00 per week toward the alimony arrearage. These payments are to continue until both are eliminated. CT Page 6793
The defendant may resume her maiden name, Zofia Czysyeka.
Both parties are to participate in parenting education. The defendant's fee is waived.
Judgment may enter as set out above.
JULIUS J. KREMSKI JUDGE TRIAL REFEREE.